

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN WORKMAN,<br><br>　　　　Defendant. | Case No. 17cr1844-Ben<br><br>I N F O R M A T I O N<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., Sec. 981(a)(1)(C) and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The United States charges, at all times relevant:

### Count 1

**CONSPIRACY TO COMMIT HEALTH CARE FRAUD, HONEST SERVICES MAIL FRAUD AND VIOLATE THE TRAVEL ACT, 18 USC § 371**

1.   Beginning no later than 2005 and continuing through at least 2015, within the Southern District of California and elsewhere, defendant JOHN WORKMAN did knowingly and intentionally conspire with others to:

　　a.   commit Health Care Fraud, that is, to knowingly and with the intent to defraud execute a material scheme to defraud a health care benefit program, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody and control of a health

care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

    b.   commit Honest Services Mail Fraud, that is, to knowingly and with the intent to defraud, devise and participate in a material scheme to defraud and to deprive patients of the intangible right to a doctor's honest services, and to cause mailings in furtherance thereof, in violation of Title 18, United States Code, Sections 1341 and 1346.

**FRAUDULENT PURPOSE**

    2.   It was the goal of the conspiracy to fraudulently obtain money from health care benefit programs by submitting claims for medical goods and services that were generated through a secret pattern of bribes to doctors (and those acting with them and on their behalf), to induce the doctors to refer patients to particular providers, in violation of the doctors' fiduciary duty to their patients.

    3.   To carry out their purpose, Defendant and his co-conspirators submitted and caused to be submitted claims of over $16.9 million for "shockwave" treatments procured through the payment of bribes and kickbacks.

    4.   As an essential part of the scheme, the Providers used the mail to submit claims and other documents to insurers, and to receive payment on those claims.

**OVERT ACT**

    5.   In furtherance of the conspiracy and in order to effect the objects thereof, Defendant committed or caused the commission of the following overt act in the Southern District of California and elsewhere: On November 5, 2010, shockwave provider FOREMOST SHOCKWAVE SERVICES, LEE MATHIS, and FERNANDO VALDES paid Defendant $13,139.66 for patient Petra

T., a patient of Dr. H's clinic in Corona, knowing and intending that Defendant would pay Dr. H part of that money as a kickback for referring the patient to FOREMOST for shockwave treatment.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE ALLEGATION

6. Upon conviction of the offense of Conspiracy as alleged in Count 1, defendant JOHN WORKMAN shall forfeit to the United States all right, title, and interest in any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of such offenses, including a sum of money equal to the total amount of gross proceeds derived, directly or indirectly, from such offenses.

7. If any of the above described forfeitable property, as a result of any act or omission of defendant JOHN WORKMAN: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of defendants JOHN WORKMAN up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

DATED: July 11, 2017.

ALANA W. ROBINSON
Acting United States Attorney

VALERIE H. CHU
Assistant U.S. Attorney

n/a

T., a patient of Dr. H's clinic in Corona, knowing and intending that Defendant would pay Dr. H part of that money as a kickback for referring the patient to FOREMOST for shockwave treatment.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE ALLEGATION

6. Upon conviction of the offense of Conspiracy as alleged in Count 1, defendant JOHN WORKMAN shall forfeit to the United States all right, title, and interest in any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of such offenses, including a sum of money equal to the total amount of gross proceeds derived, directly or indirectly, from such offenses.

7. If any of the above described forfeitable property, as a result of any act or omission of defendant JOHN WORKMAN: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of defendants JOHN WORKMAN up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

DATED: July 11, 2017.

ALANA W. ROBINSON
Acting United States Attorney

VALERIE H. CHU
Assistant U.S. Attorney